## COMMONWEALTH v. W. H. GRAY.

Partnership — Authority of One Partner to Bind the Other.

> Although the law will not imply authority in one partner to bind his copartner by contract beyond the prescribed sphere of their joint business, yet extraneous facts may sufficiently show a recognition of such authority.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 26, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Although the law will not imply authority in one partner to bind his copartner by a contract beyond the prescribed sphere of their joint business, yet extraneous facts may sufficiently show a recognition of such authority.

The facts proved by the Commonwealth in this case, while they did not *prove* a constructive recognition by the appellee, Gray, of the authority of his copartner, George, to bind him by his signature of the firm name to Page's official bond, certainly, in some degree, conduced to that conclusion; and whether in a sufficient degree to bind Gray the jury had, in our opinion, the right to decide. We do not think that there was such a distribution of evidence as to have justified the court in sustaining a demurrer to it or in peremptorily instructing the jury, as the court did, to find a verdict for Gray. We are of the opinion, therefore, that the Circuit Court erred, to the prejudice of the Commonwealth, in giving that instruction.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.